No. 24-2204

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

ZENTIAN LTD.,

*Appellant,*

v.

APPLE INC.,

*Appellee.*

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board, IPR2023-00033

**REPLY BRIEF OF APPELLANT**
**ZENTIAN LTD.**

Kayvan B. Noroozi
NOROOZI PC
11601 Wilshire Blvd., Suite 2170
Los Angeles, CA 90025
(310) 975-7074

Nevin M. Gewertz
Katherine E. Rhoades
Jessica R. Bernhardt
BARTLIT BECK LLP
54 W. Hubbard, Suite 300
Chicago, IL 60654
(312) 494-4400

*Counsel for Appellant Zentian Ltd.*

## CERTIFICATE OF INTEREST

Counsel for Zentian Ltd. certifies the following:

1. The full name of every party represented by me is: Zentian Ltd.

2. The name of the real party in interest represented by me is: Zentian Ltd.

3. The full names of all parent corporations for the entities and all publicly held companies that own 10 percent or more of the stock of the party represented by me is: none.

4. The names of all law firms and the partners or associates who appeared for Appellant before the United States Patent and Trademark Office, or are expected to appear in this Court (and who have not or will not enter an appearance in this case), are: Peter Knops, Noroozi PC.

5. The following cases could affect or be affected by this appeal: Zentian Ltd. v. Apple, Inc., W.D. Texas, No. 6:22-00122-ADA (transferred to N.D. Cal. in June 2023); Zentian Ltd. v. Apple, Inc., N.D. of Cal., No. 23-cv-02921-TLT (transferred from W.D. Tex. in June 2023).

6. Counsel has no information to provide pursuant to Rule 47.4(a)(6) and 26.1(b) and (c) as this is not a criminal or bankruptcy case.

Dated: July 3, 2025 By: *<u>/s/ Kayvan B. Noroozi</u>*
Kayvan B. Noroozi

## TABLE OF CONTENTS

INTRODUCTION ........................................ 1

I. The Board failed to address the combination's destruction of Thelen's real time recognition, and its impact on the motivation to combine, and this alone was error ........................................ 2

II. Neither of Apple's motivations supports affirmance on this record ........................................ 8

A. The Board's decision is erroneous regardless of Apple's two rationales ........................................ 8

B. Apple's "reduced memory" rationale lacks substantial evidence ........................................ 11

C. Apple's "known technique" rationale also lacks substantial evidence ........................................ 15

CONCLUSION ........................................ 18

## TABLE OF AUTHORITIES

### Cases

*Applications in Internet Time, LLC v. RPX Corp.*,
897 F.3d 1336 (Fed. Cir. 2018) .......... 7, 11

*Axonics, Inc. v. Medtronic, Inc.*,
73 F.4th 950 (Fed. Cir. 2023) .......... 6

*In re Nuvasive*,
842 F.3d 1376 (Fed. Cir. 2016) .......... 8, 11, 13, 16

*Intel Corp. v. PACT XPP Schweiz AG*,
61 F.4th 1373 (Fed. Cir. 2023) .......... 9, 15, 16

*Intel Corp. v. Qualcomm Inc.*,
21 F.4th 784 (Fed. Cir. 2021) .......... 5

*KSR Int'l Co. v. Teleflex Inc.*,
550 U.S. 398 (2007) .......... 16

*Medtronic, Inc. v. Teleflex Innovations S.A.R.L.*,
69 F.4th 1341 (Fed. Cir. 2023) .......... passim

*Pers. Web Techs., LLC v. Apple, Inc.*,
917 F.3d 1376 (Fed. Cir. 2019) .......... 10

*Plas-Pak Indus. v. Sulzer Mixpac AG*,
600 F. App'x 755 (Fed. Cir. 2015) .......... 6

*Polaris Indus. v. Arctic Cat, Inc.*,
882 F.3d 1056 (Fed. Cir. 2018) .......... 2, 5, 8

*Univ. of Md. Biotechnology Inst. v. Presens Precision Sensing Gmbh*,
711 F. App'x 1007 (Fed. Cir. 2017) .......... 5

### Statutes

35 U.S.C. § 316 .......... 18

## STATEMENT OF RELATED CASES

The following cases could affect or be affected by this appeal:

*Zentian Ltd. v. Apple, Inc., W.D. Texas*, No. 6:22-00122-ADA (transferred to N.D. Cal. in June 2023); *Zentian Ltd. v. Apple, Inc., N.D. of Cal.*, No. 23-cv-02921-TLT (transferred from W.D. Tex. in June 2023).

# INTRODUCTION

Apple's Petition initially alleged the combination of Thelen, Bailey, and Chen would have been motivated by benefits of increased speed and decreased cost. Appx235-236, Appx950-951. It further alleged motivations of flexibility and scalability. Appx236, Appx951.

Zentian's evidence, however, refuted each of those motivations, and Apple cannot credibly present them on appeal. Apple's Response does not even mention any purported speed benefits. To the contrary, Apple does not dispute, and thus concedes, that the combination would have ***slowed down*** Thelen such that it could no longer operate in real time. Apple further tacitly concedes that the combination was not any more flexible or scalable than Thelen alone. Red Br. 35. And as for decreasing costs, Apple says it did not need to prove that allegation at all, instead blaming Zentian for its shortcomings. Red Br. 36.

Apple's Response now only argues for "two" alleged motivations: "memory and processing efficiency," and "known technique." Red Br. 16-17. Those allegations also fall short. The Board failed to adequately address critical evidence that the combination would have defeated Thelen's real time goal and required significant reprogramming. The Board's decision cannot stand in view of those deficiencies. Moreover, the combination provides no "efficiencies." Each of the

alleged improvements the Board identified already existed in Thelen. And the Board's findings do not meet the requirements of the "known technique" doctrine.

The dissent got it right: the combination "would have yielded several disadvantages and would not have yielded any advantage." Appx74. This Court should reverse, or at least vacate.

## I. The Board failed to address the combination's destruction of Thelen's real time recognition, and its impact on the motivation to combine, and this alone was error

Apple's Response does not dispute that, after the combination, Thelen could no longer achieve real time speech recognition. Red Br. 37-40. Apple also does not dispute that the Board's decision failed to explain why the combination would have been motivated even though Thelen could no longer operate in real time. *Id.*

Apple instead argues that the Board "was not required to consider" that fact, Red Br. 37, and that the Board's findings as to minimizing the effect of memory collisions were adequate. Red Br. 39-40. Apple is incorrect on both points.

This Court has repeatedly "held it was error for the Board to ignore evidence that a proposed modification would interfere with a reference's stated purpose." *Medtronic, Inc. v. Teleflex Innovations S.A.R.L.*, 69 F.4th 1341, 1349-50 (Fed. Cir. 2023) (citing *Polaris Indus. v. Arctic Cat, Inc.*, 882 F.3d 1056, 1061, 1067-69 (Fed. Cir. 2018), as "vacating Board decision that failed to consider whether

modifying prior art reference would undermine its goal . . . of constructing stable all-terrain vehicles).

From the outset of the proceeding, Apple's petition and its expert repeatedly relied on "Thelen's expressly-stated goal of operating in 'real-time.'" Appx228, Appx236, Appx942, Appx945, Appx950. Apple and its expert also emphasized "the desirability for speed . . . in the combination." Appx954, Appx235-236. Apple itself thus made real-time recognition a goal and requirement for the combination.

On cross-examination, however, Apple's expert admitted that Thelen ***already*** achieved real time recognition in unmodified form. Appx3207 (155:7-17). Apple's expert further admitted that "the task most described in Thelen is dictation," Appx3206, and that this ***requires*** real time recognition. Appx3207 (155:2-6). Apple's expert explained that even introducing "five seconds" of latency into a dictation recognition system would cause "usability" to become "***pretty low***." Appx3207 (emphasis added).

Zentian's expert, Dr. Anderson, then showed in detail that the combination would not only defeat Thelen's real time goal, Appx3263-3265, it would cause "the combination system to fall far behind real time operation." Appx3270-Appx3272. Dr. Anderson concluded: "The POSA would not have been motivated to modify Thelen as the Petition has proposed ***for that reason alone***." Appx3272 (emphasis added).

Zentian put all this and more before the Board. Appx3639-43, Appx3650-3652; Appx3545, Appx3559-3560, Appx3564; Appx3263-66, Appx3270-72; Appx3206-07 (154:8-155:17); Appx3647-48; Appx3267-68 (¶¶ 50-55); Appx3545, Appx3561-62, Appx3563; Appx3327.

And Zentian specifically stated that the combination's destruction of Thelen's real time operation, ***standing alone***, defeated any motivation to combine. Appx3564; Appx3652.

In its reply, Apple did not provide a further declaration from its expert to dispute Zentian's evidence and conclusion that the combination would defeat Thelen's real time goal and operation. Appx3430-3460.

The Board's decision, in turn, acknowledged that Apple itself had emphasized "the importance" of real time recognition to both Thelen and Apple's combination. Appx22. And the Board recognized that "the ability or inability of Apple's proposed combination to have achieved real-time performance" was relevant to the motivation to combine. Appx35.

But the Board did not find that the combination would have been motivated even though the combination would fail to achieve Thelen's goal of real time recognition, or that the combination would have operated in real time. Appx28-29. Nor did the Board address Zentian's argument and expert testimony that the

combination's failure to achieve real time recognition, standing alone, defeated any motivation to combine. Appx3272, Appx3564.

That was error. *Medtronic, Inc. v. Teleflex Innovations S.A.R.L.*, 69 F.4th 1341, 1349-50 (Fed. Cir. 2023) ("we have held it was error for the Board to ignore evidence that a proposed modification would interfere with a reference's stated purpose."). As this Court explained in *Medtronic*, ignoring such evidence "is [ ] at odds with common sense and gives in to the very hindsight bias the obviousness inquiry is designed to avoid." *Id.*

Thus, in *Polaris Indus. v. Arctic Cat, Inc.*, 882 F.3d 1056, 1061, 1067-69 (Fed. Cir. 2018), this Court vacated the Board's finding of a motivation to combine because the Board failed to consider "undisputed" evidence that the combination would have "run contrary to one of [the prior art's] stated purposes." *Id.* at 1069; *Medtronic*, 69 F.4th at 1350 (describing *Polaris* as "vacating Board decision that failed to consider whether modifying prior art reference would undermine its goal").

And in *Intel Corp. v. Qualcomm Inc.*, 21 F.4th 784 (Fed. Cir. 2021), this Court confirmed that evidence that the combination would "negate" a "key" goal of the primary reference can "outweigh[ ] ***any*** reason to combine." *Id.* at 796 (emphasis added); *see also Univ. of Md. Biotechnology Inst. v. Presens Precision Sensing Gmbh*, 711 F. App'x 1007, 1010 (Fed. Cir. 2017) ("a person of ordinary

skill generally would not be motivated to modify a reference by contradicting its basic teachings, or by making it inoperable for its intended purpose") (internal citations and quotations omitted); *Plas-Pak Indus. v. Sulzer Mixpac AG*, 600 F. App'x 755, 759 (Fed. Cir. 2015) ("a change in a reference's 'principle of operation' is unlikely to motivate a person of ordinary skill to pursue a combination with that reference.") (internal citations omitted).

Apple's contention that "the Board was not required to consider whether the combination would preserve Thelen's 'real-time recognition'" is thus wrong. Red Br. 37.

Apple's citation to *Axonics, Inc. v. Medtronic, Inc.*, 73 F.4th 950 (Fed. Cir. 2023), does not contradict or overrule this Court's above precedents. Red Br. 37-38. In *Axonics*, the Board had "***confined***" its motivation to combine inquiry to one specific context disclosed in the Young reference without basis, and this was error. 73 F.4th at 957-58 (emphasis added). Here, by contrast, Zentian does not argue that the Board should have "confined" its analysis to the issue of real time recognition; instead, the Board was required to ***weigh*** the evidence and explain why the ordinary artisan would have been motivated despite the combination's destruction of Thelen's real time recognition goal, if at all. *Medtronic*, 69 F.4th at 1349-50 ("we have held it was error for the Board to ignore evidence that a proposed modification would interfere with a reference's stated purpose."). That is

especially true since, unlike in *Axonics*, Apple put Thelen's real time recognition goal at the center of its combination. Appx228, Appx236, Appx942, Appx945, Appx950.

The Board did not meet that obligation. Instead, it merely found that the skilled artisan could have "minimize[d] the effect of memory collisions." Appx28-29; Red Br. 39-40 (relying on same). But even if the latency impact of the combination were "minimized," the combination would still fail to meet Thelen's goal (and the Petition's goal) of real time recognition, and the Board did not address that separate undisputed fact. *Medtronic*, 69 F.4th at 1349-50 ("it was error for the Board to ignore evidence that a proposed modification would interfere with a reference's stated purpose."). Moreover, Apple's own expert testified that even a minimized delay—five seconds—would cause the "usability" of Thelen's dictation system to become "pretty low." Appx3207, Appx3559. The Board did not explain why the ordinary artisan would have been motivated to make the combination in view of that and other evidence.

This Court should reverse or at least vacate on that basis alone. *Applications in Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336, 1356 (Fed. Cir. 2018) ("substantial evidence review requires an examination of the record as a whole, taking into account both the evidence that justifies and detracts from an agency's opinion."); *id.* at 1353 ("The Board's selective weighing of the record evidence

does not pass muster under the APA[.]"); *In re Nuvasive*, 842 F.3d 1376, 1381-82 (Fed. Cir. 2016) ("the factual inquiry whether to combine references must be thorough and searching, and the need for specificity pervades our authority on the PTAB's findings on motivation to combine.").

## II. Neither of Apple's motivations supports affirmance on this record

In its Response, Apple relies on "two independent reasons" to support the Board's finding of a motivation to combine. Red Br. 1, 12, 16, 19, 27. Each alleged rationale fails to support affirmance here.

### A. The Board's decision is erroneous regardless of Apple's two rationales

Because the Board failed to address the fact that the combination would defeat Thelen's goal, and the Petition's goal, of real time recognition, Section I, *supra*, the Board's decision cannot stand regardless of Apple's two rationales.

That is precisely what this Court held in *Polaris v. Arctic Cat*, where it vacated the Board's decision despite the Board's finding that the combination would "improve the distribution of weight across the vehicle[.]" 882 F.3d at 1067. The Board had failed to adequately address evidence that the combination would "run contrary to one of Denney's stated purposes," and its decision thus failed to satisfy substantial evidence review. *Id.* at 1069.

As in *Polaris*, the Board's finding of a motivation based on alleged "memory and processing efficiency" fails the substantial evidence review standard

because the Board did not adequately address the combination's impact on Thelen's real time recognition goal. Section I, *supra*; *Polaris*, 882 F.3d at 1069 ("The Board's treatment of this evidence was deficient, and we therefore vacate its determination[.]").

The same is true for the Board's "known technique" finding, which relies on *Intel Corp. v. PACT XPP Schweiz AG*, 61 F.4th 1373, 1381 (Fed. Cir. 2023). Appx30-31. This Court has never held that "a proposed modification's destruction of a device's primary purpose is always legally irrelevant to obviousness." *Medtronic*, 69 F.4th at 1349. Even under the "known technique" doctrine, the evidence must adequately establish that the combination would have been "suitable." *Intel*, 61 F.4th at 1381. In *Intel*, there was "***no dispute*** that using a global, segmented secondary cache" had been used to solve the relevant problem in prior art systems, and would have ***improved*** the combination's "similar" system in the same way. *Id.* (emphasis added). Here, by contrast, the Board failed to address extensive evidence that the combination would have been ***unsuitable*** because of its failure to meet Thelen's goal (and the Petition's goal) of real time recognition. Neither *Intel* nor the "known technique" doctrine support affirmance under such facts.

The Board's erroneous treatment of Zentian's "substantial reprogramming" evidence further compels against affirmance here. Blue Br. 39-40. The Board

rejected Zentian's "substantial reprogramming" arguments against the motivation to combine by only finding that such programing was "within the ordinary *skill*." Appx30 (emphasis added). Like the Board, Apple attempts to support *motivation* based on the ordinary artisan's *capabilities*. Red. Br. 41-42. But this Court has expressly rejected that reasoning as error. *Pers. Web Techs., LLC v. Apple, Inc.*, 917 F.3d 1376, 1380 (Fed. Cir. 2019) ("We also disagreed with the Board's motivation-to-combine analysis, which merely affirmed Apple's allegation that a skilled artisan 'would have allowed for the selective access features of Stefik to be used with Woodhill's content-dependent identifiers feature.' We explained that this reasoning said nothing more than that the two references could be combined, not that there would been a motivation to combine them[.]").

Apple's argument that the combination does not require substantial reprogramming because it allegedly "does not entail converting a shared memory system to a private memory one" likewise fails. Red Br. 42-43. Apple argues that "***Thelen-Bailey***" has a "private" memory that would be converted to a "shared" memory once Chen is added to the combination. Red Br. 42-43. But that is a false characterization. The starting point for the combination is Thelen, not Thelen already combined with Bailey. Thelen in unmodified form has a single shared storage 340, as Apple itself admits. Red Br. 7. The combination requires converting this single shared storage to multiple private memories, which Chen

*itself* taught "can require significant reprogramming effort." Appx3648-3650 (quoting Appx1020 (2:6-9)), Appx3269-3270, Appx71-73, Blue Br. 22-24. The Board's treatment of that evidence was erroneous, as shown, and its decision cannot be affirmed for that additional reason. *Applications in Internet Time*, 897 F.3d at 1353, 1356; *In re Nuvasive*, 842 F.3d at 1381-82.

**B. Apple's "reduced memory" rationale lacks substantial evidence**

Apple primarily relies on the Board's finding of "memory and processing efficiency." Appx27. That finding, however, rested entirely on false distinctions over Thelen that are not supported by substantial evidence. Blue Br. 29-34.

First, the Board stated the combination "would have been an improvement over Thelen, where each processor has access to only one, distinct lexical model at a time[.]" Appx27. But as the dissent correctly explained, "neither Petitioner nor Mr. Schmandt contends that a given processor in Petitioner's combination would have had access to more than one model at a time." Appx62.

To the contrary, Apple's expert testified that in the combination, the ordinary artisan would have had "to make sure that each of those recognizers has access to the ***proper language model*** because that's the ***core of what Thelen is about***." Appx3191 (emphasis added).

Substantial evidence thus does not support the Board's finding that the combination would have modified Thelen's teaching that "[e]ach recognizer" is

"associated with an exclusive recognition model in a fixed one-to-one relationship." Appx2232. That is why Apple's Response brief does not cite to any record evidence to support this aspect of the Board's decision, but instead only cites to the decision itself. Red Br. 30. That finding thus lacks substantial evidence.

Second, the Board stated the combination "would have been an improvement over Thelen, where . . . there is no shared memory in which multiple processors can access the same consolidated models [*sic*] data in parallel." Appx27. But once again, Thelen already teaches exactly such a shared memory. Blue Br. 30-31; Appx62; Appx215; Appx233-34 (citing Appx2227, Fig. 4)); Appx3648-49; Appx947-48 (¶ 83); Appx3269 (¶ 56). Indeed, Apple's Response itself states that Thelen holds "all its context-specific 'models' (341-348) in a single 'storage' (340)." Red Br. 7.

And Thelen's unmodified storage 340 also "consolidates" model data to avoid extensive data duplication, further vitiating the Board's basis for its motivation. Appx58-59, Appx61-62. As the dissent noted, this was extensively established by the testimony of both parties and both experts. Appx62. The Petition itself described the combination as "a common sense extension of Thelen's grouped, hierarchical recognition models." Appx235. Apple's expert likewise testified that in Thelen prior to modification, "you've already got this hierarchical model because that's been disclosed in Figure 4." Appx3192. Indeed, Apple's

petition explained that Thelen stores its lexical data in storage 340 as a "huge vocabulary." Appx216. As Apple's petition further stated, "each of the 'recognition models' is targeted to a 'specific part of the huge vocabulary' of the system." Appx193. Thus, Thelen already stores its model data in consolidated form—each model is simply created from the appropriate collection of data from a single "huge vocabulary" stored in storage 340. Appx216, Appx219-220. And each model is further hierarchically organized by context to avoid duplication. Appx233, Appx235. Thelen's shared storage 340 is thus already "consolidated," as the dissent explained. Appx58-59, Appx61-62.

Recognizing its problem, Apple seeks to exclude the above facts by arguing that Zentian has forfeited or waived the point. Red Br. 28-29. That is false. Zentian raised this argument below. Appx3648-3649, Appx3567-3568, Appx3722-3723, Appx3748. And the Board never found that the argument was waived or untimely for any reason. It is thus within the "four corners" of the record, and preserved for appeal. *In re NuVasive*, 842 F.3d at 1380-81. And unlike the appellant in *NuVasive*, Zentian never "abandoned" this argument. *Id.*

Apple next argues that how Thelen stores its models in storage 340 "*before* they are loaded into each recognizer's memory [is] beside the point." Red Br. 30 (emphasis Apple's). Instead, Apple attempts to shift the focus to a comparison between how model data is provided to each of Thelen's unmodified recognizers

compared to how it would be stored in the cluster memories of the combination. *Id.* That argument also fails at multiple levels.

First, the Board's decision stated that in Thelen, "there is no shared memory in which multiple processors can access the same consolidated models [*sic*] data in parallel." Appx27. As shown, Thelen's storage 340 provides exactly that shared memory. Thelen's storage 340 is thus the relevant memory for comparison with the combination.

Second, Zentian explained below that Apple's modification would in fact require extensive duplication compared to Thelen in unmodified form, and would thus not be more "efficient." Appx3722-3724, Blue Br. 25-27 (discussing, e.g., the example of Health Farms). In particular, the combination would require storing many of ***the same*** context models across two or more different cluster memories, whereas Thelen would store such models in its single storage 340. *Id.* Indeed, Apple itself stated to the Board that in its combination, "a core vocabulary [would be] ***replicated*** in each local memory." Appx3453-3454; Appx3567-3568.

Third, Apple's own Petition stated that Thelen "does not teach a *plurality* of lexical memories." Appx215. Instead, the Petition relied on Bailey for that. *Id.*

> *Thelen* teaches a "storage 340" for storing the recognition models (including the lexicons) but does not teach a *plurality* of lexical memories. *Thelen*, 2:30-33, 7:17-23, FIG. 3. In related art, *Bailey* expressly teaches a plurality of lexical memories.

Apple thus cannot now argue on appeal that the combination's plurality of memories would have been more efficient than ***Thelen***'s alleged plurality of memories. Red Br. 30, 33.

In sum, substantial evidence does not support Apple's contention that Thelen "used more memory" than the combination. Appx27.

Substantial evidence also does not support Apple's passing allegation of "other efficiencies." Red Br. 23. Since Thelen could operate in real time but the combination undisputedly cannot, the combination's "control and processing" operations would not have been more efficient than Thelen's. *Cf.* Red Br. 23. And Apple's Response fails to address Zentian's extensive refutation of this issue. Blue Br. 33-34, Appx58-61. Notably, Apple's Response does not identify "control and processing" efficiency as one of its "two" motivations.

### C. Apple's "known technique" rationale also lacks substantial evidence

Apple relies heavily on this Court's decision in *Intel v. Pact XPP*, 61 F. 4th 1373 (Fed. Cir. 2023), to argue for a separate alleged "known technique" motivation. Apple interprets this Court's decision in *Intel* and its progeny as

providing a formalistic, rigid rule that a motivation to combine necessarily exists so long as the combination relies on elements that were simply "known" in the prior art.

Apple is incorrect. The Supreme Court has foreclosed any such approach, explaining that "inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418-19 (2007). Moreover, *KSR* eschewed "[r]igid preventative rules that deny factfinders recourse to common sense[.]" *Id.* at 421.

This Court has also explicitly held that "the PTAB must articulate a *reason why* a PHOSITA would combine the prior art references." *In re NuVasive*, 842 F.3d 1376, 1382 (Fed. Cir. 2016) (emphasis original). The mere fact that prior art elements were "known" is not a reason to combine them.

Indeed, this Court's decision in *Intel v. Pact XPP* articulated multiple requirements for finding a motivation to combine under the "known technique" doctrine, including that the combination (1) would have been "*suitable*" to an ordinary artisan, (2) relied on "known techniques" *in the relevant field of art*, (3) involved combining "*similar* devices," (4) utilized the prior art elements "according to their *established* functions," and (5) would be expected to "*improve*" the device of the primary reference. *Intel*, 61 F. 4th at 1380-81.

None of those requirements are met here.

First, the combination was not “suitable”: it would defeat Thelen’s real time recognition goal and require extensive reprogramming, and the Board made no finding of suitability in view of those facts. Section II.A, *supra*. The Board’s “known technique” finding fails on that basis alone.

Second, Apple admits that Chen was not in the field of speech recognition. Red Br. 27 (“Thelen and Bailey are parallel speech-recognition references and Chen is not[.]”). While Apple states that “Chen is generally directed to parallel processing,” that is not the relevant field of art. Appx7 (defining the field as “speech recognition,” not parallel processing writ large). Although Thelen and Bailey disclosed certain alleged parallel-processing techniques within the field of speech recognition, Chen did not. Appx3732-3733, Appx3257-3261. No reference of record disclosed any processor-to-memory architecture like the one the Petition relied on from Chen. *Cf.* Red Br. 10 (citing Appx920-22) (discussing various art without any contention or explanation that any reference taught Chen’s clustered processor-to-memory architecture as relied on in the Petition).

Third, Thelen and Bailey were thus not “similar” devices to Chen—Thelen and Bailey taught speech recognition systems, whereas Chen taught a parallel processing system unrelated to speech recognition.

Fourth, using Chen's clustered processor and memory architecture for Thelen's speech recognition was not an "established function" of Chen's teaching.

Fifth, the combination would not have been expected to improve Thelen; instead, it would have only been expected to make it worse, as demonstrated. The Board's passing reference to "other motivating considerations" of "flexibility and scalability" and "decreased cost" certainly cannot establish otherwise. Blue Br. 34-36. Apple concedes that the combination provides no flexibility or scalability improvement over Thelen. Red Br. 35, Blue Br. 34-35. And Apple likewise concedes it could not show any "decreased costs" from the combination, but instead argues it was not required to do so. Red Br. 36. Of course it was. Apple made that assertion in its Petition, Appx25-26, and bore the burden of proving it with evidence. 35 U.S.C. § 316(e). Apple did not meet that burden. Appx67, Appx3564, Appx3094, Appx3115, Appx3566; Blue Br. 36.

## CONCLUSION

For the reasons above, this Court should reverse the Board's conclusion of obviousness as to all challenged claims of the '319 Patent. At a minimum, this Court should remand for a proper consideration of the evidence of record.

Respectfully submitted,

*<u>/s/ Kayvan B. Noroozi</u>*
Kayvan B. Noroozi
NOROOZI PC
11601 Wilshire Blvd., Ste. 2170

Los Angeles, CA 90025
Telephone: (310) 975-7074
Facsimile: (844) 975-7074

Nevin M. Gewertz
Katherine E. Rhoades
Jessica R. Bernhardt
BARTLIT BECK LLP
54 W. Hubbard, Suite 300
Chicago, IL 60654
(312) 494-4400

*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, a true and correct copy of the foregoing was timely filed with the Clerk of the Court using the appellate CM/ECF system, which will send notifications to all counsel registered to receive electronic notices.

*/s/ Kayvan Noroozi*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(f) and the Rules of this Court, because it contains 3,847 words (as determined by the Microsoft Word for Mac Version 16.70 word-processing system used to prepare the brief), excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) and the Rules of this Court because it has been prepared in a proportionally spaced typeface using the Microsoft Word for Mac Version 16.70 word-processing system in 14-point Roman font.

*/s/ Kayvan Noroozi*